UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Suit No: 1: 22-CV-00914

1. Celestial Church of Christ U.S.A Diocese
2. Joseph Olorummisola

                                              Plaintiffs

vs.

Anthony Iremiren

                                              Defendant

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISEMENT, UNFAIR COMPETITION, VIOLATION OF NEW YORK CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT) PASSING OFF, ACCOUNTING, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs, Celestial Church of Christ U.S.A Diocese, Joseph Olorummisola, by and through their undersigned Attorney, complains of the Defendants and allege as follows:

NATURE OF THE ACTION

1. This is an action for the infringement of the unregistered trademark, unfair competition under the Trademark Act of 1946, 15 U.S.C §§1051 et seq (hereinafter the "Lanham Act") and for trademark infringement, unfair competition, and deceptive trade practices under the Statutes and Common Law of the State of New York.

JURISDICTION AND VENUE

2. This Court has original jurisdiction over this cause of action under 15 U.S.C. §1121, §1125 and 28 U.S.C. §§1331, 1332 and 1338. This Court has jurisdiction over these claims under 28 U.S.C. §1338(b) in that these claims are joined with substantial and

related claims brought under the trademark laws of the United States (15 U.S.C. §§1051 et seq). This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367 because the federal and state claims are based on the same operative facts, and because judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises jurisdiction over the state law claims.

3. This Court has personal jurisdiction over the Defendant because he caused the advertisement at issue in this case to be distributed in this District, in the State of New York and elsewhere in the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b).

## PARTIES

5. The First Plaintiff, Celestial Church of Christ U.S.A Diocese is a not for profit spiritual, evangelical and religious organization which has about 90 parishes in 25 states in the U.S.A and about 6,000 members , inclusive of New York State, where the First Plaintiff has 12 parishes .including but not limited to Celestial Church of Christ, New York Parish, 1380 Jefferson Avenue, Brooklyn, New York, 11237 and Celestial Church of Christ, Queens Parish, 310 Elton Street, Cypress Hill, New York 11208, 1124 Burnett Place Bronx 10474, 860 Forest Avenue, Bronx, 10456 to mention a few.

6. Second Plaintiff, Joseph Olorunnisola, is the Head of the Celestial Church of Christ, U.S.A Diocese, a Citizen of the United States and a resident of the State of New Jersey and with his address at 46 Weber Avenue, Trenton New Jersey 08638.

7. The Defendant, Anthony Iremiren, was a former Grand Patron of the First

Plaintiff and resides at 2020 Featherbed Lane, Apt No. 234, Gwyn Oak, Maryland 21207.

## FACTUAL STATEMENTS

8. Celestial Church of Christ U.S.A Diocese has been registered as a Delaware Not for Profit Religious Organization since 2009. The Articles of Association of the Celestial Church of Christ USA Diocese is hereby attached and marked "Exhibit A".

9. The Celestial Church of Christ originated in Nigeria and still in existence there. The current Spiritual head of the Church is Pastor Emmanuel Oshoffa. In Nigeria, the Church is governed and Administered by the Pastor and the Board of Trustees.

10. In 2009, the first Plaintiff expanded the promotion of its services to the internet when it registered CCCUSADIOCESE.ORG domain name and began operating its official website. The website provides, among other things, an overview of the First Plaintiff's mission, historical information regarding the first Plaintiff, description of the various educational services and products offered by the Plaintiff and contact information.

11. The First Plaintiff has members residing in this Judicial District who are through their local Parishes, devoted to serving the poor, needy and sick and to supporting local, national and international charitable activities.

12. Consistent with its long standing tradition, the First Plaintiff financially supports health clinics, food pantries and other services for the poor, needy and sick in this Judicial District, and elsewhere in the U.S.A.

13. The First Plaintiff has used in Commerce the mark and trade name "Celestial Church of Christ, U.S.A Diocese. Its ByeLaws and Constitution is attached herewith and marked "Exhibit E".

## DEFENDANT'S INFRINGING CONDUCT

14. On January 5th February 9th, and March 5th, 2021, the U.S.A Diocese Board of Trustees wrote letters to Pastor Emmanuel Oshoffa, who is the Spiritual head of the Church demanding a well structured emolument, compensation and promotion for the Church workers in Nigeria that is based on equity and fairness. See Exhibit G attached herewith.

15. Upon receipt of the letter, in response, Pastor Emmanuel Oshoffa purportedly sent a letter appointing a "Caretaker Committee" and describing the legitimate letters sent by the Celestial Church of Christ, U.S.A Diocese as acts of insubordination. See Exhibit R.

16. The Articles of Organization and Bye-Laws of the Celestial Church of Christ, USA Diocese cedes no such power to the Pastor of the Church in Nigeria. See Exhibit E.

17. Despite this, most actions of the U.S.A Diocese are usually spiritually blessed and endorsed by the Pastor and Spiritual Head of the Church. Pastor Emmanuel Oshoffa.

18. To be clear, the Pastor in Nigeria whilst speaking with the Second Plaintiff, Joseph Olorunnisola had denied writing and sending these letters to the Defendant or indeed to anyone in the United States.

19. Indeed numerous letters on different Letter heads and bearing different signatures have been circulated in Nigeria and in the United States purportedly written by the Pastor in Nigeria.

20. That in fact, whilst the Pastor was recovering from an illness in Paris, a letter purportedly written and signed by him was sent from Nigeria and submitted by the Defendant in a matter at the New York Supreme Court. The Pastor has vehemently denied

writing the said letter. See attached herewith as Exhibit H.

21. Late last year, in a four week period, three different letters were purportedly written by the Pastor appointing different members of the Church as Heads of the US Diocese were circulated in Nigeria and the United States, again, the Pastor denied writing the said letters and later a member of his administrative team, Mr. Femi Adeniyi admitted to writing and signing the Letters. See Exhibits J and K.

22. Though these are clearly Foreign documents lacking authentication, it is clear that all these Letters from Nigeria purportedly written by the Pastor in Nigeria cannot, in the light of these anomalies be considered by the Court as evidence.

23. The Byelaws of the Celestial Church of Christ USA Diocese clearly sets out the procedure for the appointment/selection of a Head of Diocese. See Exhibit E attached herewith.

24. The Defendant herein, Anthony Iremiren, who had in March, 2021 been removed by the First Plaintiff as a Grand Patron. (A copy of the Letter removing Mr. Iremiren as Grand Patron of the First Plaintiff Not for Profit Organization. is marked Exhibit I), without authority created or caused to be created a letter headed paper similar to that of the First Plaintiff with which he has written several letters to the Shepherds and Parishioners of the first Plaintiff Church claiming to have become head of a Caretaker Committee or Head of Diocese and to remove the head of USA Diocese, (the Second Plaintiff, Joseph Olorunnisola) and the entire Board of Trustees of the U.S.A Diocese, in another letter he was soliciting funds from the members of the Church for the Pastor in Nigeria, he wrote another appointing a legal Department for the Diocese (Celestial Church

of Christ USA Diocese). The said Letters were sent to Parishes in New York, within the Jurisdiction of this Court. A copy of this letter is hereby marked Exhibit I. See also Exhibits N,O,P, and Q. (Letters written by the Defendant)

25. Plaintiffs have not authorized the Defendant to utilize the First Plaintiff's mark in any manner at any time. See copy of First Plaintiff's Mark and Name on Letter Head attached as Exhibit F.

26. The Defendant, used the name **"Celestial Church of Christ Inc"** in the District of Columbia, and elsewhere in the United States to confuse Celestial Church of Christ parishioners and it was also used in opening bank accounts operated by the Defendant.

27. On March 16th, 2021, the Defendant sent out a letter to all the Shepherds and parishes of the First Plaintiff, Celestial Church of Christ, U.S.A Diocese, requesting financial contributions from parishioners and members of the first Plaintiff U.S.A Diocese of the Church. This letter is hereby attached and marked Exhibit Q.

28. The administration of the First Plaintiff Not for Profit Organization, Celestial Church of Christ, U.S.A Diocese, is governed by the Organization's Articles of Association, Byelaws and Constitution which do not provide for the purported take over by a "Caretaker Committee" or by a former Grand Patron or indeed by anyone else.

29. The first Plaintiff is registered in several US states, including the District of Columbia, California, Illinois, and Delaware. The Registration documents are attached and marked Exhibits A,B,C and D respectively.

## COUNT I

### Federal Unfair Competition (15 U.S.C. § 1125(A)(1))

30. Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

31. By misappropriating and using the First Plaintiff's marks and name, the Defendant has misrepresented and falsely described to the general public the origin and source of its teachings and services, as well as the source , soliciting and collecting monetary contributions, and created a likelihood of confusion by the consumer as to both the source and sponsorship of such teachings, services and solicitations.

32. Upon information and belief, Defendant's actions were willfully done with: (1) full knowledge of Plaintiffs' success and goodwill and public recognition of First Plaintiff's marks and name; (2) full knowledge that his conduct constituted misrepresentations of the nature, characteristics, source and qualities of its services and commercial activities and (3) the intent to deceive the public.

33. Plaintiffs have been damaged by and the Defendant's have profited from the Defendant's wrongful conduct in an amount to be proven at trial.

34. Plaintiff has no adequate remedy at law, the conduct of the Defendant described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of the Plaintiffs in its marks and name, and to its business, reputation, and goodwill.

## COUNT II

### Federal Trademark Infringement [15 U.S.C §1114(1)] Section 32 of the Lanham Act

35. Plaintiffs repeat and reallege all the allegations contained in the preceding paragraphs

of this Complaint as though the same were fully set forth herein.

36. Plaintiff's marks and name have been used throughout the United States and are well known to members of the Public. The public generally associates and identifies Plaintiffs' marks with Plaintiffs.

37. Defendant's acts violate Section 32 of the Lanham Act, 15 U.S.C §1114.

38. Defendant's use of Plaintiffs' marks and Trade name is likely to cause confusion, mistake and deception among the relevant public as to the source of the services provided, and is likely to deceive the relevant public into believing that the services offered by the Defendant originates from, is associated with and/or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiffs' reputation and goodwill.

39. Defendant's use of the Plaintiffs' marks and Trade name is likely to cause confusion, mistake and deception among the relevant public as to the source providing religious teaching, and soliciting monetary contributions, and is likely to deceive the relevant public into believing that those teachings or requests emanate from Plaintiff or are associated with or authorized by Plaintiff, all to the damage and detriment of the Plaintiffs' reputation and goodwill.

40. Defendant's actions constitute willful infringement in violation of Plaintiffs' rights.

41. Plaintiffs have been damaged by and the Defendant has profited from his wrongful conduct in an amount to be proven at trial.

42. Plaintiffs have no adequate remedy at law. The conduct of the Defendant has caused and, if not enjoined, will continue to cause irreparable damage to the rights of First Plaintiff in its marks and trade name and its reputation and goodwill.

43. Plaintiffs are entitled to recover their reasonable Attorney fees and costs as an exceptional case within the meaning of the Lanham Act, 15 U.S.C §1117(a).

## COUNT III

### FALSE ADVERTISEMENT UNDER THE LANHAM ACT

44. Plaintiffs repeat and reallege all the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

45. Defendant's advertisement, statements and communication, by and through the website "celestialonline" and on whatsapp using the name and mark and trade name of the First Plaintiff and implying the legitimacy of his statements about his position in the First Plaintiff Organization are false.

46. Defendant's publications were targeted at an audience of Celestial Church of Christ U.S.A Diocese parishioners and aimed at deceiving the said audience.

47. Defendant's misappropriation of Plaintiff's mark and trade name and false indication as to source deceives the targeted audience and constitutes false advertisement.

## COUNT IV

### (PLAINTIFF'S CLAIMS FOR VIOLATION OF NEW YORK CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT)

48. Plaintiffs repeat and reallege all the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

49. Defendant's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the New York Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 et seq., in that those acts created a likelihood of confusion or misunderstanding as to the first Plaintiff's sponsorship or approval of the Defendant's

9

letters and communication, or created a likelihood of confusion as to Defendant's affiliation, connection or association with the First Plaintiff.

50. Defendant's conduct in violation of the New York Consumer Fraud and Deceptive Business Practices Act was willful and outrageous, perpetrated by evil motive or with reckless indifference to the rights of others.

51. The Plaintiffs have been damaged by these acts, and have no adequate remedy at law.

## . COUNT V
### (PLAINTIFF'S CLAIMS FOR COMMON LAW UNFAIR COMPETITION)

52. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 29 of this Complaint.

53. Defendant's acts constitute unfair competition under the common law of the State of New York.

54. Defendant's acts were willful and damaged the Plaintiffs.

55. The Plaintiffs has no adequate remedy at law.

## COUNT VI
### COMMON LAW CLAIMS OF PASSING OFF - SECTION 43 (a) OF THE LANHAM ACT

56. The Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 of this Complaint.

57. The Defendant's acts constitute "Passing Off" or "Palming Off" under the Common Law of the State of New York by misrepresenting his services or Organization to

be that of "Celestial Church of Christ U.S.A Diocese.

58. Defendant's acts were willful and has damaged the Plaintiffs.

59. The Plaintiffs has no adequate remedy at law.

## COUNT VII
## DECLARATORY JUDGMENT

60. Plaintiffs repeat and reallege all the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

61. The administration of the First Plaintiff Not for Profit Organization, Celestial Church of Christ, U.S.A Diocese, is governed by the Organization's Articles of Association, Byelaws and Constitution which do not provide for the purported take over by a "Caretaker Committee" or by a former Grand Patron or indeed by anyone else.

## COUNT VIII
## ACCOUNTING

62. Plaintiffs repeat and reallege all the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

63. As previously stated, on March 16th, 2021, the Defendant sent out a letter to all the Shepherds and parishes of the First Plaintiff, Celestial Church of Christ, U.S.A Diocese, requesting financial contributions from parishioners and members of the first Plaintiff U.S.A Diocese of the Church. Plaintiffs now seek an accounting from the Defendant for all monies/profits received by him "attributable to his acts of infringement" in violation of 17 U.S.C. § 504, 15 U.S.C. § 1117 and 18 U.S.C. § 2318.

## COUNT IX
## INJUNCTIVE RELIEF

64. Plaintiffs repeat and reallege all the allegations contained in the preceding paragraphs

of this Complaint as though the same were fully set forth herein.

65.  Plaintiffs' demand a permanent injunction be entered against Defendant preventing him from using the Plaintiffs' mark and trade name and "Passing off" the services of their unregistered Organization or Association as the First Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that relief be granted in its favor and against Defendant for:

(a) damages sustained by the Plaintiffs in an amount greater than $9,000,000,

(b) punitive damages,

(c) attorneys' fees and costs,

(d) a permanent injunction requiring Defendant and his proxies, directors, agents, servants, employees, representatives, successors, and assigns and all other persons, firms, or corporations in active or covert concert or participation with the Defendant who receive actual notice of this Order to refrain from any use of the first Plaintiff's business name without prior authorization from the Plaintiffs, and using Plaintiffs' marks and trade name/or any marks and Trade name confusingly similar thereto, or any reproduction, counterfeit, copy or colorable imitation thereof, in connection with conducting, promoting, and/or advertising any religious or spiritual services of any nature, including religious educational services and related materials;

(e) directly or indirectly engaging in unfair competition with the Plaintiffs by means of any activities, including generally, but not limited to, conducting, promoting, and/or advertising his business and/or services under the name and mark "Celestial Church of Christ USA Diocese" or any other name or mark utilizing any variation of "Celestial Church of Christ USA Diocese" mark

and Trade name;

(f) using any false designation of origin or description which can or is likely to deceive or cause confusion or mistaken belief that any service advertised, promoted or offered by Defendant is sponsored, endorsed, connected with, approved or authorized by, or in any way associated or affiliated with or related to Plaintiff; and

(g) using any words, names, styles, titles, URLs, domain names or marks and name, alone or in tandem, that infringe upon and/or fairly compete with Plaintiffs' marks and/or trade names and the goodwill associated therewith;

(h) direct Defendant to deliver up to the Plaintiffs for destruction or other disposition any and all labels, signs, prints, documents and advertising or promotional materials in his possession or within his custody or control that bears any designation in violation of Plaintiff's rights as decreed herein

(i) direct Defendant to file with the Court and serve on Counsel for the Plaintiff, within thirty days after the entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C §1116

(j) find Defendant liable and award damages in an amount in excess of $9,000,000.00 (Nine million dollars) and/or all of Defendant's profits or gains of any kind resulting from Defendant's willful acts of trademark infringement and unfair competition with the Plaintiffs, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C §1116

(k) accounting of all monies received by Defendant during the period of his infringement of the

Plaintiffs' mark and trade name.

(l) award punitive damages under New York Common Law in view of the willful and wanton nature of Defendant's actions

( m) award to the Plaintiffs', Attorney fees, due to the exceptional nature of this case, and Plaintiffs' costs and expenses incurred in this action, as well as prejudgment interest, in accordance with 15 U.S.C §1117 (a)

(n) an order requiring Defendant to place corrective advertising in future issues of The New York Times and

(o) grant to Plaintiffs such other and further relief as the Court deems just, proper and equitable in the circumstances.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated this 2nd day of February, 2022.

/s/ Ike Agwuegbo
Ike Agwuegbo & Co. P.C
15 Ocean Avenue,
Suite 2C, Brooklyn,
New York,  N.Y. 11225